Case 6:20-cv-00041 Document 19 Filed on 11/17/20 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROHN MICHAEL WEATHERLY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-41 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the Clements Unit in Amarillo, Texas.[1] On June 6, 2020, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the result of a disciplinary proceeding at the Stevenson Unit in Cuero, TX. (D.E. 1).[2] On October 7, 2020, Respondent filed a Motion for Summary Judgment. (D.E. 13). Petitioner filed a response titled Motion in Opposition to Respondent's Summary Judgment on November 2, 2020. (D.E. 18). The Clerk of Court is **DIRECTED** to **TERMINATE** this as a pending motion. (D.E. 18). It will be considered as a Response to the pending Motion for Summary Judgment.

---

[1] At the time of filing, Petitioner was incarcerated at the Stevenson Unit in Cuero, Texas. (D.E. 1, Page 10).

[2] The petition was signed on June 4, 2020, Petitioner averred it would be placed in the prison mailing system on June 6, 2020, and it was received by the Clerk of Court on June 10, 2020. (D.E. 1, Page 10); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

## I.   JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner, at the time of filing, was incarcerated in DeWitt County, Texas, which is located within the Victoria Division of the Southern District of Texas. 28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

Petitioner does not challenge his underlying conviction but instead challenges a TDCJ disciplinary case. On April 10, 2020, in case number 20200152607, Petitioner was found guilty of assaulting another inmate on March 13, 2020 in violation of Rule 21 of the Disciplinary Rules and Procedures, a Level 2 Offense. (D.E. 14-1, Page 3).[3] The punishment included (1) 60 days loss of commissary and 45 days loss of recreation privileges; (2) loss of 10 days good-time credits and (3) reduction in line class from S3 to L1. (D.E. 1, Page 5 and D.E. 14-1, Page 3). Petitioner then appealed through the TDCJ grievance procedure which was denied at Step 2 on May 13, 2020. (D.E. 14-2, Page 6).[4]

---

[3]TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf.

[4]A state prisoner must generally exhaust all available state remedies before proceeding in federal court. 28 U.S.C. § 2254(b) and (c). Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court, however, they must first exhaust prison grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993). TDCJ uses a two-step grievance process and a prisoner must present his claims in

On June 6, 2020, Petitioner filed the pending petition alleging he was denied due process because he was not permitted to present or challenge evidence and the incident was not adequately investigated. (D.E. 1, Page 6). Petitioner further alleges he was acting out of necessity, in self-defense and under duress and his punishment was excessive because he had no disciplinary issues for three years prior to this incident. (D.E. 1, Page 7). In his response, Petitioner also lists several inadvertent errors in the Motion for Summary Judgment along with a conclusory statement that he "disagree[s] with the rest of the motion for summary judgment too." (D.E. 18). Even accepting Petitioner's claims as true, he is not entitled to habeas corpus relief for reasons stated below.

### III. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1,

---

both steps to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Any claim that is not exhausted is procedurally barred from federal habeas review. In this case, there is no dispute Petitioner filed a Step 1 and Step 2 Grievance and has exhausted his administrative remedies. (D.E. 13, Page 4 and D.E. 14-2).

7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release. *Id*. To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

### IV. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *Hamilton v. Segue Software*, *Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted). Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

## V. DISCUSSION

### A. Loss of Good-Time Credits

The primary issue in this case concerns whether or not Petitioner has stated the denial of a constitutionally protected liberty interest. Prisoners are not wholly stripped of all constitutional protections when imprisoned. *Wolff*, 418 U.S. at 555. However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995). These interests are generally limited to sanctions that affect the quantity of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters. *Sandin*, 515 U.S. at 484. Prison inmates who lose previously earned good time credits as a result of prison disciplinary convictions are entitled to procedural due process protections. *Wolff*, 418 U.S. at 555. Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Here, Petitioner lost 10 days of good time credit and there is no dispute he is eligible for release to mandatory supervision. (D.E. 13, Page 11 and D.E. 14-1, Page 3); *Teague v. Quarterman*, 482 F.3d 777 (5th Cir. 2007) (There is a protected liberty interest in Texas if an inmate is eligible for release to mandatory supervision and loses any good time credit). Due process requires an inmate to have been provided with: (1) advanced written notice of the charges and disciplinary hearing; (2) an opportunity to present

documentary evidence and to call witnesses so long as permitting an inmate to do so will not jeopardize institutional safety or correctional goals; and (3) a written statement by the fact finder with "some facts" supporting the ruling, the evidence relied upon and the reason for the disciplinary action. *Wolff*, 418 U.S. at 563-567; *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001).

Here, Petitioner was provided with advanced notice of the disciplinary charges on March 16, 2020 for the April 10, 2020 disciplinary hearing, which he attended. (D.E. 14-1, Page 3). Further, Petitioner, represented by a counsel substitute, was advised of his right to present evidence and witnesses. (D.E. 14-1, Page 13). Petitioner gave his statement at the hearing and a written statement by another inmate, Daniel Hunter, was also included and considered. (D.E. 14-1, Pages 13-17). Petitioner's counsel substitute was given the opportunity to question the charging officer. (D.E. 14-1, Page 17). As Petitioner alleged he was sexually assaulted and was acting in self-defense, the disciplinary hearing officer questioned TDCJ Chief of Classification Valerie Maciel about the Offender Protection Investigation Report regarding Petitioner's allegation of sexual abuse, which she testified was unsupported by any evidence. (D.E. 14-1, Page 16). Last, Petitioner was provided a written report by the hearing officer which stated he relied upon the charging officer's report and testimony when finding Petitioner guilty. (D.E. 14-1, Page 3). The charging officer, Brittany Villarreal, stated Petitioner and another inmate, Nathaniel Norris, were arguing. (D.E. 14-1, Pages 4 and 17). She stated she heard Petitioner threaten to punch Norris, then heard a punch sound and observed Norris on the ground. (D.E. 14-1, Pages 4 and 17).

Therefore, the undersigned recommends Petitioner fails to identify any due process violation. It appears Petitioner is asking this Court to reconsider the hearing officer's decision and/or challenging the sufficiency of the evidence against him. However, federal habeas review of the sufficiency of evidence in disciplinary determinations is extremely limited as due process is satisfied when there is "some evidence" to support the disciplinary finding. *Broussard*, 253 F.3d at 876 ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") Further, "[d]etermining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536–537; *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.") (internal citations omitted). Here, the determination was supported by the offense report and testimony of the charging officer. Accordingly, this constitutes sufficient evidence to support the hearing officer's finding of guilty. As to Petitioner's claim his punishment was excessive, Petitioner has provided no support for this conclusory allegation. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (A conclusory allegation does not raise a constitutional issue in habeas proceedings).

Further, to the extent Petitioner challenges his counsel substitute's representation during the prison administrative process, a prisoner does not have a constitutional right to representation in a prison disciplinary hearing. *Wolff*, 418 U.S. at 570 (inmates do not "have a right to either retained or appointed counsel in disciplinary proceedings"). "If a prisoner is given counsel substitute, he does not have a constitutional right to effective representation by that counsel substitute," and "if a prisoner's counsel substitute performs inadequately, there is nothing a federal court can do in a habeas corpus case to redress the consequences of that inadequate representation." *Shepard v. Thaler*, No. 09-cv-95, 2011 WL 4346320, at *2 (N.D. Tex. Aug. 19, 2011) (citing *Wolff*, 418 U.S. at 570); *see also Bratchett v. Thaler*, No. H-11-1384, 2012 WL 364073, at *8 (S.D. Tex. Feb. 1, 2012) (citation omitted) ("Because an inmate has no constitutional right to assistance of counsel substitute, he cannot claim a right to habeas relief on counsel substitute's performance.") Accordingly, the undersigned recommends Petitioner's claims fail on the merits.

### B. Other Sanctions

The disciplinary hearing also resulted in privilege restrictions and a reduction in Petitioner's line class. (D.E. 14-1, Page 3). These sanctions are changes in the conditions of confinement. The Due Process Clause does not protect every adverse change in the conditions of confinement. *Sandin*, 515 U.S. at 478. Mere changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison,* 104 F.3d at 768. Commissary and recreation limitations and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958-

59. While Petitioner asserts his line class status affects his daily prison life and his ability to receive parole, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.* As such, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause").

## VI. CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

Respondent's Motion for Summary Judgment requests that Petitioner's claim be denied on the merits. The COA determination under Section 2253(c) requires an

overview of the habeas petition and a general assessment the merits. *Miller-El*, 537 U.S. at 336. As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner must show that issues are debatable among reasonable jurists, and courts could resolve the issues differently. *Alexander*, 211 F.3d at 896.

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended that the Court not issue a COA.

## VII. RECOMMENDATION

For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 13) and Petitioner's claim for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

Respectfully submitted this 17th day of November 2020.

                                              Jason B. Libby
                                      United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).